UNITED STATES of America

v.

Jamil BOUCHAREB, Defendant.

No. 09–CR–463 (VM).

United States District Court,
S.D. New York.

Signed Dec. 2, 2014.

Joan M. Loughnane, Reed Michael Brodsky, U.S. Attorney's Office, SDNY (St. Andw's), New York, NY, for United States of America.

Lilly Ann Sanchez, Fowler White Burnett, P.A., Miami, FL, for Defendant.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

On May 5, 2009, Defendant Jamil Bouchareb ("Bouchareb") pled guilty before a United States Magistrate Judge to a two-count Superseding Information, which charged conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 and securities fraud in violation of 15 U.S.C. § 78j(b) and 78ff, 17 C.F.R. §§ 240.10b–5 and 240.10b5–2, and 18 U.S.C. § 2. On December 29, 2011, the Court sentenced Bouchareb to thirty months imprisonment, followed by two years of supervised release. Bouchareb has now completed approximately one year of supervised release. By letter dated November 25, 2014, Bouchareb moved for an Order, pursuant to 18 U.S.C. § 3564(c), terminating the remaining period of his supervised release. (*See* Dkt. No. 132 ("Def.Mot.").) The Court notes, however, that Section 3564 applies only to terms of probation. Therefore, the Court will construe the motion as a request to terminate supervised release,

pursuant to 18 U.S.C. § 3583(e)(1). Bouchareb's motion also states that the Government opposes the motion. For the reasons set forth below, the Court denies Bouchareb's request.

## I. *LEGAL STANDARD*

Pursuant to Section 3583(e)(1) of Title 18 of the United States Code, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

In determining whether early termination of supervised release is warranted, a court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, *id.* at § 3553(a)(1); (2) the need to deter criminal conduct, *id.* at § 3553(a)(2)(B); (3) the need to protect the public from further crimes of the defendant, *id.* at § 3553(a)(2)(C); (4) the need to provide the defendant with correctional treatment, *id.* at § 3553(a)(2)(D); (5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements, *id.* at § 3553(a)(4); (6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing, *id.* at § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities among similar defendants, *id.* at § 3553(a)(6); and (8) the need to provide restitution, *id.* at § 3553(a)(7).

■ Early discharge from supervised release is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of the sentence. *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997); see *also United States v. Rasco,* No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000). Only "occasionally" is early termination warranted when "changed circumstances" of the defendant render the previously imposed term "either too harsh or inappropriately tailored to serve" general punishment goals. *Lussier,* 104 F.3d at 36.

## II. *DISCUSSION*

■ Bouchareb argues that the Court should terminate the remainder of his term of supervised release because he has "fully complied with the special and standard conditions" of supervised release, "has cooperated fully with his probation officer," and has "paid all monetary amounts imposed by the Court, including full payment of the $20,000.00 fine." (Def. Mot.) The Court finds these arguments unpersuasive.

■ "A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores,* No. 99 Cr. 1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010). Rather, "full compliance with the terms of supervised release is what is expected of [the defendant] ... and does not warrant early termination." *Rasco,* 2000 WL 45438, at *2.

Additionally, Bouchareb has not shown the sort of "changed circumstances" under Section 18 U.S.C. § 3583(e)(1) that warrant early termination of supervised release. Nor has Bouchareb identified any problems associated with the completion of his full term of supervised release. *Cf. United States v. Jimenez,* No. 99 Cr. 1110, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) (granting motion for early termination of supervised release in light of Defendant's compliance and medical is-

sues, which included partial paralysis as a result of a stroke).

Having considered Bouchareb's motion, the circumstances of his conviction, and all other relevant factors under 18 U.S.C. § 3553(a), the Court concludes that Bouchareb has not presented an exceptional case warranting early termination of supervised release. Nothing in Bouchareb's submission "rises to the level of a special, extraordinary, or unforeseen circumstance that distinguishes [Bouchareb] from other compliant defendants on supervised release." *Flores,* 2010 WL 2573385, at *1. "While commendable, [Bouchareb's] compliance and good behavior is exactly what is expected of all defendants on supervised release and therefore does not warrant early termination." *Id.*

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 132) of defendant Jamil Bouchareb under 18 U.S.C. § 3583(e) to terminate his supervised release is **DENIED.**

**SO ORDERED.**